**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GARY SIPPLE BEY,<br><br>*Plaintiff*,<br><br>v.<br><br>ENVISTA CREDIT UNION, and RONALD SMELTZER,<br><br>*Defendants*. | Case No. 26-4023-EFM-RES |

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Dismiss filed by Defendants Envista Credit Union ("Envista") and Ronald Smeltzer (Doc. 18). Defendants seek dismissal of pro se Plaintiff Gary Sipple Bey's[1] Second Amended Complaint ("SAC") under Rule 12(b)(6). Plaintiff opposes the Motion and has filed his own Motion for Summary Judgment (Doc. 24). For the reasons stated below, the Court grants Defendants' Motion and denies Plaintiff's Motion as moot.

## I. Factual and Procedural Background[2]

In 2018, Plaintiff entered into a consumer vehicle transaction with Envista for a 2018 Chevy Silverado 1500. In 2022, Envista brought a cause of action against Plaintiff in the Shawnee County, Kansas, District Court for replevin and to quiet title on the truck due to Plaintiff missing

[1] Plaintiff has been a party to several unsuccessful lawsuits in the District of Kansas. *See MidFirst Bank v. Jeter-Sipple*, 2023 WL 3002443, at *4 (D. Kan. Apr. 19, 2023) (Melgren, C.J.) (remanding Plaintiff's case back to state court after his defective removal); *Sipple v. Zevita*, 2023 WL 4706621, at *6 (D. Kan. July 24, 2023) (Teeter, J.) (dismissing Plaintiff's case and cautioning him about his litigation tactics); *Sipple v. Meyer*, 2024 WL 1403338, at *6 (D. Kan. Apr. 2, 2024) (Melgren, C.J.) (dismissing Plaintiff's case and imposing limited filing restrictions on him); *Sipple Bey v. Meyer*, 2024 WL 3898578, at *2 (D. Kan. Aug. 22, 2024) (Broomes, J.) (dismissing Plaintiff's case with prejudice).

[2] The facts are taken from Plaintiff's SAC.

his payments.[3] The Shawnee County District Court entered a judgment against Plaintiff on July 11, 2022.[4] Ultimately, Defendants caused the truck to be repossessed.[5]

Several years later, on February 13, 2026, Plaintiff filed this suit against Envista and Ronald Smeltzer, an agent, employee, or representative of Envista. Plaintiff's SAC contains three Counts. Count I is a claim under the Fair Debt Collection Practices Act ("FDCPA"); Count II is a claim for conversion; and Count III is a claim for "wrongful repossession/failure to provide accounting." Now, Defendants move to dismiss Plaintiff's SAC. Plaintiff opposes Defendants' Motion and moves for summary judgment.

## II. Legal Standards

### A. Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[6] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[7] A claim is facially plausible if the plaintiff pleads facts

---

[3] The Court takes judicial notice of the existing documents in the Shawnee County District Court case. *See* Doc. 18-1. At the motion to dismiss stage, the Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," including "facts which are a matter of public record." *JP Morgan Tr. Co. Nat'l Ass'n v. Mid-America Pipeline, Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006) (first quoting Fed. R. Evid. 201(b)(2); and then quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)). Contrary to Plaintiff's assertion, the Court may take judicial notice of the state court documents without converting Defendants' Motion into one for summary judgment. *Id.*

[4] Doc. 18-1.

[5] The true date that the truck was repossessed is unclear from the record. In the SAC, Plaintiff alleges that Defendants repossessed the truck on August 22, 2021. Yet, the Shawnee County District Court did not issue the judgment containing an order for replevin of the truck until July 11, 2022.

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[8] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[9] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[10] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[11] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[12]

**B. Construing Pro Se Complaints**

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[13] A pro se litigant is entitled to a liberal construction of his pleadings.[14] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[15] But it is not the proper

---

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[9] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[10] *Iqbal*, 556 U.S. at 678–79.

[11] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[12] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[13] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[14] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

role of a district court to "assume the role of advocate for the pro se litigant."[16] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[17] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

## III. Analysis

Defendants move to dismiss all of Plaintiff's claims as barred by: (1) the applicable statute of limitations; and (2) res judicata and the Rooker-Feldman doctrine.[19] Because Defendants' latter argument implicates the Court's jurisdiction to hear this case,[20] the Court begins its analysis under the Rooker-Feldman doctrine.

"The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[21] Simply put, a party cannot attempt to appeal an unfavorable state-court decision to a lower federal court.[22] The Rooker-Feldman doctrine applies if the following elements are met: "(1) the plaintiff lost in state court, (2) the state court judgment caused the

---

[16] *Id.*

[17] *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[18] *Iqbal*, 556 U.S. at 678.

[19] Defendants also argue that Plaintiff's FDCPA claim fails because they are not a "debt collector" within the statute's meaning. 15 U.S.C. § 1692g(b). Because the Court dismisses all of Plaintiff's claims on other grounds, the Court need not reach this claim-specific argument.

[20] *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023).

[21] *Id.*

[22] *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."[23]

Here, Plaintiff does not dispute that elements (1)–(3) are met. Plaintiff lost in state court when it entered judgment against him. That judgment led to Plaintiff's injury—the repossession of and quiet title of his truck. And the judgment was entered on July 21, 2022, well before he filed this suit on February 13, 2026.

Plaintiff briefly contends that element (4) is not met by asserting he is not merely challenging the state judgment. Instead, he argues that he is challenging Defendants' "independent conduct and unproven authority." Plaintiff's argument to that effect is that Envista was not the listed seller-creditor on his truck contract,[24] so Envista is not entitled to possession of the truck. But the state court found that Envista was entitled to possession of the truck in its judgment. Thus, Plaintiff's claims to the contrary essentially ask the Court to review and reject the state court judgment. Accordingly, Plaintiff's claims are barred by the Rooker-Feldman doctrine.

Even if the Rooker-Feldman doctrine did not bar Plaintiff's claims, the applicable statute of limitations would. Plaintiff's FDCPA claim is subject to a one-year statute of limitations.[25] His conversion and wrongful possession claims are subject to a two-year statute of limitations.[26] And, construed liberally in his favor, Plaintiff's failure to provide accounting claim is subject to

---

[23] *Bruce*, 57 F.4th at 746.

[24] Plaintiff attaches Exhibit A in support of this argument, but the exhibit is entirely unreadable. *See* Doc. 23 at 6–9. Nonetheless, the Court assumes that Exhibit A does not list Envista as the seller-creditor.

[25] 15 U.S.C. § 1692k(d).

[26] K.S.A. § 60-513(a)(2).

anywhere from a one-year to a three-year statute of limitations.[27] All of Plaintiff's claims are premised on the repossession of his truck. In the SAC, Plaintiff alleges this occurred August 21, 2021, although the state court judgment's entry in July 2022 suggests the truck was actually repossessed in August 2022. Either way, Plaintiff did not file this suit until February 13, 2026, beyond the applicable one-year, two-year, and potentially three-year statutes of limitations.

In his Response, Plaintiff attempts to invoke accrual principles by arguing his claims are based on the newly discovered fraud that his truck contract does not list Envista as the seller-creditor. According to Plaintiff, this means that Envista cannot have any right to repossess the truck. But Plaintiff's SAC fails to plead any fraud with particularity as required by Rule 9(b).[28] Indeed, Plaintiff's SAC explicitly pleads that he entered into a consumer vehicle transaction with Envista. Even if Plaintiff sufficiently pleaded fraud, the statute of limitations commences upon actual discovery of the alleged fraud or when, with reasonable diligence, the alleged fraud could have been discovered.[29] Here, Plaintiff had notice of the alleged fraud when the state court judgment declared that Envista had the right to repossess the truck. Had Plaintiff exercised reasonable diligence, he could have discovered the purported fraud by reviewing his truck contract then. Accordingly, Plaintiff's claims remain barred by the applicable statute of limitations.

---

[27] Plaintiff does not specify which law he brings Count III under. The Court, like Defendants, will construe Count III as brought under either K.S.A. § 16a-5-203 or § 84-9-625. Section 16(a)-5-203 claims are subject to a one-year statute of limitations. K.S.A. § 16a-5-203(5). Section 84-9-625 claims are subject to either a one-year or three-year statute of limitations, depending on whether a plaintiff seeks relief in the form of a statutory penalty. K.S.A. §§ 60-512, 60-514(c).

[28] *See* Fed. R. Civ. P. 9(b); *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610, 612 (D. Kan. 1999) ("[T]he complainant must describe the circumstances of the fraud, i.e., the time, place, and content of the false representation; the identity of the person making the representation; and the harm caused by the complainant's reliance on the false representation." (citation omitted)).

[29] *Merck & Co. v. Reynolds*, 559 U.S. 633, 645–46 (2010); *Miller v. Foulston, Siefkin, Powers & Eberhardt*, 246 Kan. 450, 790 P.2d 404, 415 (1990).

Because Plaintiff's claims are barred, the Court grants Defendants' Motion to Dismiss. As such, the Court denies Plaintiff's pending Motion for Summary Judgment as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 24) is **DENIED as moot**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 15th day of October, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE